# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RONALD BIRCHLER and ANNETTE BIRCHLER | § § § § | |
| | § | CIVIL ACTION NO 4:14-CV-81 |
| v. | § | Judge Mazzant |
| | § | |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION and AMERICAN HOMES 4 RENT PROPERTIES EIGHT, LLC | § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant, JPMorgan Chase Bank, N.A.'s ("Defendant" or "JPMC") Motion for Summary Judgment (Dkt. #29). After reviewing the relevant pleadings, the Court finds that the motion should be granted.

## BACKGROUND

On October 27, 1993, Plaintiffs, Ronald Birchler and Annette Birchler ("Plaintiffs") executed a note ("Note") in the principal amount of $156,500 and deed of trust ("Deed of Trust") encumbering the property located at 1504 Commerce Drive, Plano, Texas 75093 ("the Property") (Dkt. #18 at ¶¶ 7; 10). In January 2013, Plaintiffs defaulted on their loan (Dkt. #18 at ¶ 11; Dkt. #29 at pp. 3-4). On or about June 19, 2013, JPMC sent Plaintiffs a letter indicating the total amount of default at that time was $7,203.68 and warned them that foreclosure was possible if their account was not brought current (Dkt. #29 at p. 4; Exhibit B-15).

On or about September 6, 2013, JPMC sent Plaintiffs a notice stating that foreclosure of the Property would be held on October 1, 2013 (Dkt. #29, Exhibit B-17). On or about September 9, 2013, Plaintiffs emailed a request for a 401k hardship letter to JPMC's attorneys (Dkt. #35 at p. 3). On or about September 17, 2013, Plaintiffs received the reinstatement amount from JPMC (Dkt. #18 at ¶ 12; Dkt. #35 at p. 3; *See* Dkt. #29 at p. 5). On September 24, 2013, Plaintiffs sent

1

an online request for the required reinstatement amount to Mr. Birchler's employer and requested that the paperwork be expedited overnight (Dkt. #18 at ¶ 12; Dkt. #29 at p. 5; Dkt. #35 at pp. 3-4). However, they were told that the paperwork could only be shipped via regular mail (Dkt. #18 at ¶ 12; Dkt. #35 at p. 4).

Plaintiffs spoke with Dustin, a representative of JPMC, who allegedly told Plaintiffs that "he would take their request [for postponing foreclosure] 'upstairs' for approval" (Dkt. #29 at p. 6; *see* Dkt. #18 at ¶12; *see* Dkt. #35 at p. 4).[1] Plaintiffs called JPMC several times between September 25, 2013, and the foreclosure sale on October 1, 2013, where they were told that the foreclosure sale had not been postponed (*See* Dkt. #29 at pp. 6-7).[2] JPMC did not postpone the foreclosure sale (Dkt. #18 at ¶ 13; Dkt. #35 at p. 4). On October 1, 2013, the Property was sold at foreclosure to Defendant, American Homes 4 Rent Properties Eight, LLC ("American Homes"), for $197,000 (Dkt. #18 at ¶ 13; Dkt. #29 at p. 7; Dkt. #35 at p. 4).

On January 15, 2014, Plaintiffs filed their complaint in 199th District Court of Collin County, Texas (Dkt. #3). The case was removed to this Court on February 7, 2014 (Dkt. #1). On May 8, 2014, Plaintiffs filed their Third Amended Complaint asserting claims against JPMC for violations of Texas Property Code, breach of contract, anticipatory breach of contract, unjust enrichment, negligence, violations of the Texas Debt Collection Practices Act, and negligent misrepresentation (*See* Dkt. #18; Dkt. #29 at p. 1). On November 12, 2014, Defendant JPMC filed its motion for summary judgment (Dkt. #29; Dkt. #30). Plaintiffs filed their response on December 15, 2014 (Dkt. #35). Defendant filed its reply on December 22, 2014 (Dkt. #37). On

---

[1] Plaintiffs allege that Dustin represented to them that JPMC would postpone the foreclosure sale for 30 days in order to submit the required paperwork and get a check from Mr. Birchler's 401k account (*See* Dkt. #18 at ¶ 12, Exhibit A, A-1, Exhibit B at 66:1-5; *see* Dkt. #35 at p. 4).

[2] Ms. Birchler admitted: "(1) every JPMC representative she spoke to after Dustin—including JPMC's foreclosure counsel—told her the sale was still set for October 1; and (2) after her first conversation with Dustin, she repeatedly called JPMC to follow up because she knew the sale was still set for October 1 and was trying to obtain confirmation that it would be delayed." (Dkt. #29 at p. 6; Dkt. # 30, Exhibit B at 66:3-67:23, 68:17-23, 78:15-23).

January 2, 2015, Plaintiffs filed their sur-reply (Dkt. #38).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) ("The Federal Rules of Civil Procedure have for almost 50 years authorized motions for summary judgment upon proper showings of the lack of a genuine, triable issue of material fact."). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 256. If the movant bears the burden on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by

setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 256-57. No "mere denial of material facts nor…unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Computer Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *See United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the evidence, but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Plaintiffs waived their claims for violations under the Texas Property Code, anticipatory breach of contract, breach of contract, waiver, negligent misrepresentation, and negligence (Dkt. #35 at p. 5). Given that Plaintiffs have waived these claims, the Court will grant Defendant's motion for summary judgment as to these claims. The Court will address Defendant's claims for summary judgment regarding Plaintiffs' Texas Debt Collection Act violation and unjust enrichment claim.

*Texas Debt Collection Act Violation*

Defendant first moves for summary judgment on Plaintiffs' Texas Debt Collection Act ("TDCA") violation. Plaintiffs allege that Defendant violated Sections 392.301(a)(8), 392.304(a)(8), and 392.304(a)(19) of the TDCA (Dkt. #18 at ¶ 41). Defendant alleges that Plaintiffs' claim under the TDCA fails as a matter of law because (1) it is barred by the statute of frauds; (2) it is barred by the economic loss doctrine; (3) JPMC's alleged promise to delay

4

foreclosure is not a debt collection; (4) JPMC did not threaten to take an action prohibited by law; and (5) JPMC did not misrepresent the character or extent of the debt (Dkt. #37 at p. 2).

First, Defendant asserts that Plaintiffs' TDCA claim fails because it is barred by the statute of frauds. Under Texas law, the statute of frauds requires that certain types of contracts be in writing to be enforceable. TEX. BUS. & COM. CODE § 26.01. Section 26.02 makes any unwritten agreement for a loan in excess of $50,000 unenforceable. TEX. BUS. & COM. CODE § 26.02(b). Under Section 26.02, a loan agreement consists of

> one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods or another thing of value or to otherwise extend credit or make a financial accommodation.

TEX. BUS. & COMM. CODE § 26.02(a)(2).

Parties to a written contract that is within the provisions of the statute of frauds may not alter the terms of the contract by oral agreement. *Ellen v. F.H. Partners, LLC*, 03-09-00310-CV, 2010 WL 4909973, at *6 (Tex.App.-Austin Dec. 1, 2010); *Caldwell v. Flagstar Banks, FSB*, No. 3:12-cv-1855-K-BD, 2013 WL 705110, at *6 (N.D. Tex. Feb. 4, 2013). If a loan agreement is subject to the statute of frauds, a modification of the agreement is also subject to the statute of frauds. *Water Dynamics, Ltd. v. HSBC Bank USA, Nat. Ass'n*, 509 F. App'x 367, 369 (5th Cir. 2013); *see, e.g., Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013); *Gordon v. JPMorgan Chase Bank, N.A.*, 505 F. App'x 361, 366 (5th Cir. 2013). Agreements to modify an existing loan agreement include agreements to delay foreclosure and are subject to the statute of frauds. *Caldwell*, 2013WL 705110, at *6; *see Rhodes v. Wells Fargo Banks, N.A.*, No. 3:10-CV-02347-L; 2013 WL 2090307, at *10 (N.D. Tex. May 14, 2013); *In re Estate of Hardesty*, 449 S.W.3d 895, 915 (Tex. App.-Texarkana Nov. 18, 2004); *Krudrop v. Bridge City*

5

*State Bank*, No. 09-05-111, 2006 WL 3627078, at *4 (Tex. App.-Beaumont Dec. 14, 2006).

Plaintiffs allege that the statute of frauds does not apply to cases arising out of state statutes (Dkt. #35 at p. 7) ("Texas case law supports the inapplicability of the statute of frauds to state statutes."). However, the statute of frauds does apply to a TDCA claim where, as in the present case, the claim is based upon an alleged oral promise to postpone foreclosure. *Kruse v. Bank of New York Mellon*, 936 F. Supp. 2d 790, 794 (N.D. Tex. 2013); *see also Singh v. JPMorgan Chase Bank, N.A.*, 4:11-CV-607, 2012 WL 3904827, at *8 (E.D. Tex. July 31, 2012) *report and recommendation adopted*, 2012 WL 3891060 (E.D. Tex. Sept. 7, 2012) (statute of frauds bars TDCA claim); *Pardy v. Chase Home Fin., L.L.C.*, 4:10-CV-684, 2012 WL 469868, at *1 (E.D. Tex. Feb. 14, 2012) ("Under Texas law, 'a plaintiff may not recover damages in tort for claims arising out of an unenforceable contract under the statute of frauds.'").

In the present action, Plaintiffs are seeking to recover damages caused by JMPC's failure to perform on its alleged promise to delay foreclosure. Plaintiffs allege that the TDCA is applicable because "[i]n Texas, a lender simply cannot mislead a consumer regarding whether their home loan is current or in default or whether foreclosure is imminent." (Dkt. #35 at p. 6). However, they have not offered any evidence independent of the alleged oral promise to demonstrate JMPC's misrepresentation. Plaintiffs have stated that they knew they were in default; they knew foreclosure was scheduled to occur on October 1, 2013; and they were seeking additional time to reinstate the Loan (Dkt. #30, Exhibit B at pp. 66:3-67:23, 68:15-23, 75:20-25, 78:19-23, 86:21-24, 88:8-89:25). The Court finds that Plaintiffs' TDCA cause of action revolves around JPMC's alleged oral promise to delay foreclosure. Because Plaintiffs' cause of action is based upon a modification of the underlying loan agreement between Plaintiffs and JPMC, it is subject to the statute of frauds. The Court finds that Plaintiffs' TDCA claim is

barred by the statute of frauds.

Next, Defendant asserts that Plaintiffs' TDCA claim fails as a matter of law because it is barred under the economic loss doctrine. The economic loss doctrine prevents a plaintiff from recovering in tort for a breach of a contractual duty. *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 763 (N.D. Tex. 2012). Two factors determine whether the economic loss doctrine bars a plaintiff's tort claim: the source of the duty and the nature of the plaintiff's injury. *Kiper v. BAC Home Loans Servicing, LP*, 884 F. Supp. 2d 561, 573 (S.D. Tex. 2012) *aff'd sub nom. Kiper v. BAC Home Loans Servicing, L.P.*, 534 F. App'x 266 (5th Cir. 2013).

The economic loss doctrine "holds that if the defendant's conduct would give rise to liability only because it breaches the parties' agreement, the plaintiff's cause of action sounds only in contract. *Singh v. JPMorgan Chase Bank, N.A.*, No. 4:11-CV-607, 2012 WL 3904827, at *7 (E.D. Tex. July 31, 2012) (citing *Exxon Mobil Corp. v. Kinder Morgan Operating L.P. "A,"* 192 S.W.3d 120, 127 (Tex. App.—Houston [14th Dist.] 2006). The mere existence of a tort duty does not necessarily mean that a violation would result in a tort claim. *Id.* (citing *In re Sorporex, Inc.*, 446 B.R. 750, 788 (N.D. Tex. 2011)). Further, "when the contract spells out the parties' respective rights about a subject matter, the contract, not the common law tort theories, governs any dispute about the subject matter." *Id.* (quoting *Exxon Mobil Corp.*, 192 S.W.3d at 127). "Thus, the rule restricts contracting parties to contractual remedies for economic losses associated with their relationship, 'even when the breaching might be reasonably viewed as a consequence of a contracting party's negligence.'" *McDaniel v. JPMorgan Chase Bank, N.A.*, No. 1:12-CV-392, 2012 WL 6114944 (E.D. Tex. Dec. 10, 2012) (quoting *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 13 (Tex. 2007)).

Courts have applied the economic loss doctrine to TDCA claims when the alleged

misrepresentations were wrongful because they violated the agreement between the borrower and the lender. *See, e.g.*, *Singh*, 2012 WL 3904827 (E.D. Tex. July 31, 2012), *report and recommendation adopted by* 2012 WL 3891060 (E.D. Tex. Sept. 7, 2012) (Court held that independent-injury rule barred plaintiff's claim under the TDCA against the defendant bank because Deed of Trust governed the alleged conduct); *McCartney v. CitiFinancial Auto Credit, Inc.*, No. 4:10-CV-424, 2010 WL 5834802 (E.D. Tex. Dec. 14, 2010) (explaining that plaintiff's claim of misrepresentation was a breach of contract claim and not a TDCA claim). Additionally, a plaintiff may not circumvent the economic loss doctrine by alleging a variety of damages unrelated to the Note and Deed of Trust, including attorneys' fees, emotional distress, and a lower credit rating. *See Wiley v. U.S. Bank, N.A.*, 3:11-CV-1241-B, 2012 WL 1945614, at *12 (N.D. Tex. May 30, 2012).

Plaintiffs assert that the economic loss doctrine does not apply because the TDCA claim is related only to the statement Dustin made to Plaintiffs that he would try to postpone the foreclosure, and not the Deed of Trust, the Note, or the underlying contract between the parties (*See* Dkt. #35 at p. 10). However, Defendant asserts that Plaintiffs' TDCA claim arises solely out of the obligations imposed by the Note and Deed of Trust (Dkt. #29 at p. 14). Additionally, Plaintiffs' alleged damage was their loss of the Property, which was the subject matter of the Note and the Deed of Trust (Dkt. #29 at p. 14). The Court finds that Plaintiffs' claim arises from the underlying agreement between Plaintiffs and JPMC. Plaintiffs cannot circumvent the economic loss doctrine by alleging that the current action arises under the TDCA, instead of a contract claim. The Court finds that Plaintiffs' TDCA claim is barred under the economic loss doctrine.

Next, Defendant asserts that Plaintiffs' TDCA claim fails as a matter of law because

JPMC's promise to delay foreclosure is not a debt collection procedure under the TDCA. "The elements of a TDCA claim are: (1) the debt is consumer debt; (2) the defendant is a debt collector as defined by the TDCA; (3) the defendant committed a wrongful act in violation with the TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's wrongful act." *McDaniel*, 2012 WL 6114944, at *7 (E.D. Tex. Dec. 10, 2012) (citing TEX. FIN. CODE ANN. §§ 392.001-392.404). The TDCA provides that a "debt collector" is a person who engages in debt collection. TEX. FIN. CODE § 392.001(6). "Debt collection" means an action, conduct or practice in collecting consumer debts that are due or alleged to be due to a creditor. TEX. FIN. CODE § 392.001(5). The Court agrees with Defendant that a foreclosure proceeding is not a form of "debt collection," which is a necessary element of a claim raised under the TDCA. *See* TEX. FIN. CODE § 392.001-404. When a creditor forecloses, it is not trying to obtain any funds directly from the debtor in satisfaction of the debt. Instead, foreclosure is an effort by the creditor to enforce its rights under the Deed of Trust in order to satisfy a debt upon which a debtor defaulted. Therefore, the Court finds that the present action is not a debt collection within the meaning of the TDCA.

Defendant next asserts the Plaintiffs' claim under the TDCA fails as a matter of law because JPMC did not threaten to take an action prohibited by law. Section 392.301(a)(8) of the TDCA prohibits debt collectors from using threats, coercion, or attempts to coerce that "[threaten] to take an action prohibited by law." TEX. FIN. CODE § 392.301(a)(8). Section 392.301(a)(8) is not implicated when a debt collector has the legal right to foreclose on the plaintiff's property and "exercises that right in a procedurally correct manner." *Voth v. Fed. Nat'l Mortg. Ass'n.*, No. 3-10-CV-2116-G-BD, 2011 WL 1897759, at *3 (Apr. 22, 2011) ("Because [Bank of America] had a statutory right to foreclose on plaintiff's property and

exercised that right in a procedurally correct manner, there is no violation of the TDCPA or the DTPA.").

Plaintiffs have not provided evidence demonstrating that JPMC was threatening or attempting to take an action prohibited by law. No evidence is presented that would indicate that JPMC's right to accelerate foreclosure had not matured or that the foreclosure action did not comply with Texas law. Instead, the evidence indicates that JPMC had the statutory authority and the contractual right to foreclose on the Property. Also, Plaintiffs admit that they failed to comply with the Note and Deed of Trust by not making timely payments and that JPMC gave them an opportunity to reinstate their loan (Dkt. #30, Exhibit B at pp. 25:6-9, 35-37, 39:11-25, 42:1-12, 45:5-25, 46:1-2; Exhibit B-14; Exhibit B-15). JPMC was under no obligation to postpone foreclosure. Plaintiffs admit that JPMC did not threaten or coerce them.[3] Because JPMC had the statutory right to foreclose on Plaintiffs' property and exercised it in a procedurally correct manner, the Court finds that there is no violation of Section 392.301(a)(8) of the TDCA.

Defendant finally asserts that Plaintiffs' TDCA claim fails as a matter of law because JPMC did not misrepresent the character or extent of the debt. Section 392.304(a)(8) of the TDCA states that "a debt collector may not use a fraudulent, deceptive, or misleading representation that…misrepresent[s] the character, extent, or amount of a consumer debt, or misrepresent[s] the consumer debt's status in a judicial or governmental proceeding." TEX. FIN. CODE § 392.304(a)(8). Section 392.304(a)(19) is a catch-all provision that prohibits debt collectors from "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." TEX. FIN. CODE § 392.304(a)(19).

---

[3] "Q. Did [JPMC representatives] swear at you? A. No. Q. Did they make any threats? A. No. Q. Did they--were they-- A. No, no. Q. Okay. They didn't make any threats, use any abusive language? A. No." (Dkt. #35, Exhibit C at p. 71:13-21).

10

In the present case, JPMC did not misrepresent the character or extent of the debt or use a deceptive means to collect the debt. Ms. Birchler admitted in her deposition testimony that JPMC did not "misrepresent the character or extent or amount of the debt" and did not try to collect more than was owed under the terms of the Note and Deed of Trust (Dkt. #30, Exhibit B at pp. 86:21-24, 88:8-11). The evidence demonstrates that JPMC represented to Plaintiffs that the foreclosure sale was set for October 1, 2013, on multiple occasions (*See* Dkt. #35, Exhibit A-2 pp. 3-4). The Court finds that JPMC did not misrepresent the character or extent of the debt or use a deceptive means to collect the debt. Therefore, there is no violation of Sections 392.304(a)(8) and 392.304(a)(19) and Plaintiffs' claim fails as a matter of law.

Based on the foregoing, the Court will grant the Defendant's motion for summary judgment as to Plaintiffs' TDCA claim.

*Unjust Enrichment*

Defendant moves for summary judgment on Plaintiffs' unjust enrichment claim alleging that it fails as a matter of law because (1) the subject matter of the dispute is covered by contract; and (2) unjust enrichment is merely a theory of recovery, not an independent cause of action (Dkt. #37 at p. 2). Plaintiffs assert that unjust enrichment is appropriate in this case because a claim for unjust enrichment may be pleaded as an alternative theory of recovery (Dkt. #35 at p. 15).

In Texas, a plaintiff may recover under an unjust enrichment theory where a person has "obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). Unjust enrichment is a quasi-contractual claim that is based on the absence of an express agreement. *Fortune Prods. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000); *First Union Nat'l Bank v. Richmont Cap.*

*Partners I, L.P.*, 168 S.W.3d 917, 931 (Tex. App.—Dallas 2005). "Generally speaking, when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory…because parties should be bound by their express agreements." *First Union Nat'l Bank*, 168 S.W.3d at 931; *see Fortune Prods.*, 52 S.W.3d at 683. The strength of the breach of contract claim does not govern whether the remedy precludes an unjust enrichment claim, but "the mere existence of a potential contract claim bars the unjust enrichment remedy." *In re Myles*, 395 B.R. 599, 605 (Bankr. M.D. La. 2008). In this case, the Plaintiffs' obligations are covered by a Deed of Trust and a Note; therefore, a claim for unjust enrichment is precluded. Because Plaintiffs' claim is governed by the loan agreement between the parties, the Court will grant Defendant's motion for summary judgment as to Plaintiffs' unjust enrichment claim.

## CONCLUSION

Based on the foregoing, the Court finds that Defendant's Motion for Summary Judgment (Dkt. #29) is hereby **GRANTED**. Plaintiffs' claims against Defendant JPMorgan Chase Bank, N.A. are **DISMISSED** with prejudice. As the dispositive motion deadline has passed, and Defendant American Homes 4 Rent Properties Eight, LLC, did not file a dispositive motion, this case will proceed to trial against American Homes.

**SIGNED this 29th day of April, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE